UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JOHN BREAUX** | **CASE NO. 6:22-cv-5558** |
| **VERSUS** | **JUDGE** |
| **SENTRY SELECT INSURANCE COMPANY, EAST-WEST EXPRESS, INC. AND ROBERT F. GARVEY, III** | **MAGISTRATE JUDGE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF LOUISIANA
        LAFAYETTE-OPELOUSAS DIVISION**

Defendants, SENTRY SELECT INSURANCE COMPANY, EAST-WEST EXPRESS, INC., AND ROBERT GARVEY, III, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On November 16, 2021, a Petition for Damages was filed by Plaintiff John Breaux, in the 16th Judicial District Court for the Parish of St. Martin, bearing Docket No 091096-D. A copy of the Petition for Damages filed in the 16th Judicial District Court, along with other pertinent state court pleadings, is attached to the Notice of Filing and Certificate of Removing Defendants, as "Exhibit #1".

1

**FEDERAL JURISDICTION**

**Removal Pursuant to 28 U.S.C. §1332**

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiff and all properly joined defendants, with the requisite amount in controversy being present for the claims of Mr. Breaux.

**Complete Diversity Exists as to All Parties**

3.

According to the Petition, John Breaux is domiciled in St. Martin Parish and is a citizen of the State of Louisiana.

4.

Defendant Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Sentry was served with the state court Petition through the Louisiana Secretary of State's office on December 2, 2021.

5.

Defendant East-West Express Inc is a corporation organized under the laws of the State of Georgia where it maintains its principal place of business at Villa Rica, Georgia. Service of the state court suit on East-West Express, Inc was made via the Louisiana long-arm statute on December 9, 2021.

6.

Defendant Robert Garvey III. is a citizen of the State of Georgia, where he has maintained a sole residence and  citizenship for many years, and where he intends to permanently remain. Service of the state court suit wa requested and made on December 9, 2021 via the Louisiana Long-arm statute, La. R. S. 13:3201 et. seq...

**The Requisite Amount in Controversy Is Established**

7.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00, based upon recent discovery responses and other information recently supplied by plaintiff's counsel.

**The Amount in Controversy Was Not Initially Facially Apparent**

8.

The presence of the requisite amount in controversy was not ascertainable from the lawsuit filed by Mr. Breaux.  In fact, in Article 6 of the Petition, Mr. Breaux specifically averred that the amount being sought "exceeds $50,000.00, but is not greater than $75,000.00, exclusive of interest and costs.  Petitioner reserves the right to amend this petition at any time." Elsewhere in the Petition, Paragraph 5 contains only "boilerplate" language that Mr. Breaux suffered "serious and permanent injuries" which were not further specified.  In short, there was nothing in the Petition for Damages served upon the Defendants to indicate the existence of the requisite amount in controversy, and the indications on amount in controversy in the petition were to the contrary.

9.

Under La. Code Civ. P. art. 893(A)(1), "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required." However, the United States Fifth Circuit Court of Appeal has made it clear that: "rather than irrevocably binding a plaintiff to his amount-in-controversy allegations, an allegation made under Article 893(A)(1) may be disregarded if the defendant can show by a preponderance of the evidence that the claim is for more than the jurisdictional amount." In re 1994 Exxon Chem. Fire, 558 F.3d 378, 388 (5th Cir. 2009) (and cases cited therein).

As noted by this Court, an averment under La. Code Civ. P. art. 893(A)(1) does not "prevent" removal or necessitate remand. See In re 1994 Exxon Chem. Fire, 558 F.3d 378, 388 (5th Cir. 2009). "[R]ather than irrevocably binding a plaintiff to his amount-in-controversy allegations, an allegation made under Article 893(A)(1) may be disregarded if the defendant can show by a preponderance of the evidence that the claim is for more than the jurisdictional amount"). Maxwell v. Lesnick, 1:16-CV-00300, 2016 WL 4070239, at *2 (W.D. La. June 23, 2016), report and recommendation adopted, 16-CV-00300, 2016 WL 4059549 (W.D. La. July 28, 2016).

Furthermore, in Carlson v. Dollar General, United States District Court, W.D. Louisiana, Alexandria Division. November 6, 2019, Not Reported in Fed. Supp.2019 WL 6523267, the Court held that "Carlson's "anti-removal averment" was not a binding stipulation, confession, or waiver, and therefore, did not "prevent" removal".

Similarly, this Court has held that, "A Louisiana plaintiff may only "prevent" removal by filing "a binding stipulation or affidavit" in state court renouncing the right to recover damages in excess of $75,000.00 Stated otherwise, "[b]ecause Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." Griffin v. Georgia Gulf Lake Charles, L.L.C., 562 F.Supp.2d 775, 779 (W.D. La. 2008).

The state court suit record is attached as Exhibit #1.  The Court will see that no such binding stipulation or affidavit to limit the plaintiff's recovery has been filed.  More broadly, in the case at bar, Mr. Breaux has made no stipulations, judicial confession, or affirmative waiver of his right to recover damages in state court. Rather, Mr. Breaux's "anti-removal" averment under La. Code Civ. P. art. 893(A)(1) that his damages do not exceed $75,000.00 did not irrevocably limit Breaux's recovery so as to "prevent" removal or necessitate remand.  In fact, Mr. Breaux reserved the right to amend that allegation "at any time."

Indeed, and even had the Article 893 assertion been unequivocal, Defendants are nonetheless entitled to remove the matter to Federal Court if the defense can establish, by a preponderance of the evidence, that the claims exceed the jurisdictional amount. Johnson v. Sentry Select Ins. Co., CV 17-1626-SDD-EWD, 2018 WL 4512190, (M.D. La. July 6, 2018).

**The Recent Receipt of "Other Paper" Establishes the Amount in Controversy**

10.

The United States Court of Appeals for the Fifth Circuit has held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638-39 (5th Cir. 2003) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in two ways. First, jurisdiction is proper if "it is facially apparent" from the plaintiff's complaint that her "claims are likely above [$75,000]." Allen v. R & H Oil and Gas, 63 F.3d 1326, 1335. Second, if the value of the claims is not apparent, the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." Id.

11.

The amount in controversy in this case exceeds the jurisdictional amount since Defendants are "setting forth facts in controversy and in the removal petition with "other paper" and with summary-judgment type evidence that support a finding of the requisite amount."  Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999).

12.

28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." Derouen v. Anco Insulations, Inc. (M.D. La. 2021)

13.

After service of the state court petition, the Defendants submitted an Answer in state court and also propounded Interrogatories and Requests for Production to Plaintiff on January 31, 2022.  Plaintiff's counsel then served responses to discovery via an email sent on September 7, 2022, in which Plaintiff's counsel, for the first time, provided post-accident medical records and bills to undersigned counsel via email. Please see said email attached as Exhibit #2.  Mr. Breaux's' Answers to Interrogatories are attached as Exhibit #3.  The Response to Request for Production is attached as Exhibit #4. This Notice of Removal is being filed within 30 days of receipt of Mr. Breaux's discovery responses and is therefore timely.

14.

Additionally, on September 26, 2022, the office of counsel for plaintiff sent another email with updated medical records from Dr. Neil Romero, which **included a recommendation for cervical surgery recommendation and estimates of future costs for that surgery**. (See Exhibit #5) These estimates from the various providers total $100,059.17 in future costs, by itself exceeding the threshold limit for diversity jurisdiction. For the Court's convenience, the surgical estimates provided are itemized as follows:

Itemized Estimated Surgical Costs:

| | |
|---|---|
| Dr. Neil Romero | $ 33,533.03 |
| Advanced Healthcare Solutions | $ 6,300.00 |
| Anesthesiology & Pain Consultants | $ 10,150.00 |
| Biocare Health | $ 23,941.00 |
| Park Place Surgical Hospital | $ <u>26,135.14</u> |
| TOTAL ESTIMATED SURGICAL COSTS | $100,059.17 |

15.

It was only after reviewing and analyzing the medical records of Mr. Breaux received since September 7, 2022 that the Defendants have been able to ascertain that the state court suit is removable to federal court as the damages claims present the requisite amount in controversy for diversity jurisdiction purposes.

16.

Past medicals total $28,743.85 as per the medical recap submitted by Plaintiff included in discovery responses. (See Exhibit #6) As noted above (in Article 14), the outlined future medical expense being claimed by the plaintiff is in the amount of $100,059.17.  As set forth in greater detail below, the plaintiff claims disc abnormalities in both the cervical and lumbar spines, for which he has had multiple injections, and for which a surgical recommendation is now in place for the cervical spine.

17.

With regard to the substance of the medicals, on the day of the accident (12/28/20), Mr. Breaux presented at St. Martin Hospital Emergency Room with complaints of right knee, left arm and neck and back pain. He was evaluated, treated, prescribed pain medication, and released.  Please see Exhibit #7. Mr. Breaux then followed up with an evaluation by Dr. Neil Romero at Louisiana Orthopedic Specialists on January 13, 2021.

Dr. Romero's diagnosis were cervicalgia and low back pain. He ordered both cervical and lumbar MRIs. Please see Exhibit #8.

The lumbar MRI was performed on 01/21/21 which showed disc desiccation and bulges at L3-4 and L4-5.  There was an annular fissure at L4-5.  Please see Exhibit #9.

The cervical MRI performed on 01/21/21 showed disc bulging and facet hypertrophy at C3-4 and C4-5.  At C5-6 and 6-7 there were central disc herniations with severe bilateral stenosis. Please see Exhibit #10.

Mr. Breaux has treated continuously with Dr. Romero and with pain management physician Dr. Benjamin Baronne. Mr. Breaux has had three transforaminal steroid injections at the C7 level (04/07/21, 05/05/21 and 06/09/21). Please see Exhibit #11.  He also had two steroid injections at bilateral L5 on 11/24/21 and 12/20/21. Please see Exhibit #12.  A third lumbar injection was recommended by Dr. Baronne on 12/8/21 but no documentation was provided that this actually was performed. Please see Exhibit #13.

Repeat MRIs of both cervical and lumbar spines were performed on 01/19/22. There was mild increase in disc pathology at C4-5 and his MRIs were consistent with disc pathology at C5-6 and C6-7 and L3-4 and L4-5. Please see Exhibits #14 and #15.

Due to continuing complaints of pain, Dr. Romero recommended on 01/26/22 that an ACDF at C5-6 and 6-7 be performed. Please see Exhibit #16.  As noted above, that recommendation was repeated this past August but now included estimates for future costs. Please see Exhibit #17.

It does appear that Mr. Breaux may have had an intervening accident as well, the effect of which is presently unknown.  Medical discovery will be required to address this.

Thus, the defense herein has accordingly "set forth facts in controversy, with summary-judgment type evidence that support a finding of the requisite amount." Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999).

While the Defendants herein do not concede any facts pertaining to the nature, extent and causation of injuries, the medical records supplied on September 7, 2022 and on September 26, 2022 establish specific evidence upon which the removal of Mr. Breaux's case is premised.

18.

Courts have found the amount in controversy met for purposes of federal subject matter jurisdiction under similar circumstances, even without a surgical recommendation, and even without consideration of the question of whether or not the subject accident has caused any worsening of Mr. Breaux's condition. "Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00" Thibodeaux v. GEICO Advantage Ins. Co., CV 16-158-JWD-EWD, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016), report and recommendation adopted, CV 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).

Just recently, in Mena v. Chuter 21-CA-726 (La. App. 5 Cir. 08/24/22) the Court held that an award of $50,000 (in general damages) is consistent with quantum for "cervical disc injuries in an automobile accident and underwent conservative treatment."

In Pruitt v. Parsons, 2001 WL 1545703, at *1 (E.D. La. Dec. 3, 2001), the court found the amount in controversy met where the plaintiff alleged contusions and abrasions, and injury to his neck and lower back, and noted that "Defendants refer the Court to a litany of Louisiana cases involving awards for similar injuries in excess of $75,000.00, including cases in which plaintiffs for whom no surgery was recommended were awarded $100,000.00 and $400,000.00." See also Williams v. Perez, 2007 WL 9711090, at *4 (M.D. La. Oct. 23, 2007), report and recommendation adopted, 2007 WL 9711088 (M.D. La. Nov. 8, 2007) (citing cases).

Based on the provided medical bills from plaintiff's counsel, Mr. Breaux's medical bills total $28,743.85. Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses. See Collier v. Benedetto, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000.00 to $75,000.00 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev., 753 So.2d 913, 914–15 (La. App. 4th Cir. 2000) (affirming award of $150,000.00 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000.00); Wehbe v. Waguespack, 720 So.2d 1267, 1270–72 (La. App. 5th Cir.1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative

lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590.00).

Therefore, upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in Mr. Brieux's case is in excess of $75,000.00, exclusive of interest and costs.

## Venue

19.

Plaintiffs filed this lawsuit in the 16th Judicial District Court for the Parish of St. Martin. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

## Removal of This Matter is Timely

20.

Insofar as this removal is being accomplished by defendants within 30 days of their receipt of discovery responses from Plaintiff on September 7, 2022, removal is therefore timely and proper. Henderson v. J.C. Penny Corp., Inc., CIV.A. 12-691-SDD, 2013 WL 4039407, at *3 (M.D. La. Aug. 7, 2013).  As noted above, the discovery responses reflect a service date of September 7, 2022. This Removal is being filed within 30 days of receipt of the discovery responses.

WHEREFORE, defendants do hereby remove the above captioned case to the United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division.

Respectfully submitted:

**RABALAIS, HEBERT & COUVILLION, LLC**

*s/ Steven B. Rabalais*
**STEVEN B. RABALAIS (#17100) T.A.
BLAKE T. COUVILLION (#37443)
MELVIN A. EIDEN (#19557)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone: (337) 981-0309
Fax: (337) 981-0905
Email:  srabalais@rhhnet.com
Email:  blake@rhhnet.com
Email:  meiden@rhhnet.com
**ATTORNEYS FOR DEFENDANTS, SENTRY SELECT INSURANCE COMPANY, EAST-WEST EXPRESS INC. AND ROBERT GARVEY, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 5th 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system.

Lafayette, Louisiana on this 5th day of October 2022.

*s/ Steven B. Rabalais*
**STEVEN B. RABALAIS
BLAKE T. COUVILLION
MELVIN A. EIDEN**